UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TIM MOORE, | No. 2:18-cv-02919-WBS-KJN |
| Plaintiff, | |
| v. | ORDER RE: APPLICATION FOR GOOD FAITH SETTLEMENT |
| ANG TRANSPORT INC., et al., | |
| Defendant. | |

----oo0oo----

Plaintiff Tim Moore filed this lawsuit against defendants ANG Transport, Inc. ("ANG"), Tuff Machinery LLC ("Tuff"), Moore Brokers Inc., doing business as Moore Transportation Services ("Moore Transportation"), and Does 1-10. (Docket No. 1.) Plaintiff alleges the following causes of action: breach of contract against defendant Tuff, liability under 49 U.S.C. § 14706 against ANG, and negligence against Moore Transportation. Currently before the court is Defendant Moore Transportation's Application for Good Faith Determination under

1

California Code of Civil Procedure section 877.6.  (Docket No. 19.)

On or about October 26, 2017, the plaintiff contracted to purchase a John Deere Model 650H LT Tractor for $49,597 from defendant Tuff.  (Compl. ¶ 7 (Docket No. 1).)  Pursuant to that agreement, Tuff hired Moore Transportation to act as the shipping broker for the tractor shipment.  (Id. ¶ 11.)  Moore Transportation Services then hired ANG Transport Inc. to deliver the tractor.  (Id. ¶ 12.)  While the tractor was en route from Texas to California, it was destroyed in a traffic accident.  (Id. ¶ 13.)  Plaintiff alleges financial damages stemming from this loss.  (Id. ¶ 14.)

Plaintiff alleges that Moore Transportation breached a duty to plaintiff when it failed to ensure that the common carrier it hired to transport the tractor, i.e., defendant ANG, maintained sufficient cargo insurance coverage to cover any claims for the cargo being transported.  (Compl. ¶¶ 36-46.)  Plaintiff and Moore Transportation have periodically communicated about plaintiff's claims (Kehagiaras Decl. ¶ 4 (Docket No. 26)) and on May 17, 2019, they signed a Settlement Agreement conditionally settling plaintiff's negligence claim against defendant Moore Transportation in exchange for a one-time payment of $7,500 to plaintiff.  (See Settlement Agreement (Docket No. 19-1).)

A settling party may seek a determination that a settlement was made in good faith under California Code of Civil Procedure section 877.6 in federal court.  Fed. Sav. & Loan Ins. Corp. v. Butler, 904 F.2d 505, 511 (9th Cir. 1990) (holding that

while the "section 877.6 procedures do not govern a federal action . . . the substantive provisions . . . are applicable"); Maxwell v. MortgageIT, Inc., No. 1:08-CV-01329 OWW SKO, 2010 WL 2219190, at *1 (E.D. Cal. June 1, 2010) (stating that "federal courts may enter . . . determinations" under section 877.6); Sunterra Corp. v. Perini Bldg. Co., No. 2:04-cv-00784 MCE EFB, 2009 WL 2136108, at *1 (E.D.Cal. July 15, 2009) (stating that "[a] district court may properly consult the provisions of § 877.6 in determining whether an early settlement meets the requisite good faith scrutiny").

Section 877.6 provides that "[a]ny party to an action in which it is alleged that two or more parties are joint tortfeasors . . . shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors, upon giving notice." Cal. Civ. Proc. Code § 877.6(a)(1). Alternatively, the statute allows a settling party to "give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order." Id. § 877.6(a)(2). Notably, the statute states that "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Id. § 877.6(c).

Here, the motion is unopposed by the non-settling defendants, and the court finds that the settlement was made in

good faith based on the factors announced in Tech-Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal.3d 488, 500-01, 213 Cal.Rptr. 256, 698 P.2d 159 (1985) (holding that a court should consider, inter alia, the rough approximation of plaintiff's total recovery and the settling party's proportionate liability, the amount of the settlement, and the existence of collusion, fraud or tortious conduct aimed to injure the nonsettling party's interests).

        In the instant case, there is no suggestion of collusion or fraud, and the fact that plaintiff is willing to accept a settlement amount less than what Moore Transportation might ultimately have been required to pay suggests that it is in the range of appropriate settlement amounts, especially considering the fact that Moore Transportation does not feature prominently in the complaint's factual allegations. In other words, relative to the other defendants, Moore Transportation does not appear to be the primary target of this action. Additionally, under California Code of Civil Procedure section 877.6(a)(2), "[i]f none of the nonsettling parties files a motion within 25 days of mailing of the notice, application, and proposed order, or within 20 days of personal service, the court may approve the settlement." Non-settling defendants ANG and Tuff received notice of the settlement, did not file any response to defendant Moore's motion for a good faith determination, and apparently do not contend that the settlement was not made in good faith. "The absence of an opposition or objection from any other party is highly telling and is clearly indicative of reasonableness and good faith." Coppola v. Smith, No. 1:11-CV-1257 AWI BAM, 2017 WL 4574091, at *5 (E.D. Cal. Oct. 13, 2017).

|    |                                                                          |
|----|--------------------------------------------------------------------------|
| 1  | In light of the above factors, the settlement between                    |
| 2  | plaintiff and Moore Transportation was made in good faith                |
| 3  | pursuant to section 877.6, and the court will grant Moore                |
| 4  | Transportation's motion for determination of good faith                  |
| 5  | settlement.                                                              |
| 6  | IT IS THEREFORE ORDERED that Moore Transportation's                      |
| 7  | motion for a good faith settlement determination (Docket No. 19)         |
| 8  | be, and the same hereby is, GRANTED.  IT IS FURTHER ORDERED that         |
| 9  | the settlement bars ANY claims for contribution or indemnity by          |
| 10 | the non-settling defendants against Moore Transportation.                |
| 11 | Dated:  July 3, 2019                                                     |

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5