1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12    TIM MOORE,                        No. 2:18-cv-02919-WBS-KJN

13              Plaintiff,

14         v.                           ORDER RE: MOTION TO DISMISS

15    ANG TRANSPORT INC., et al.,

16              Defendant.

17

18                          ----oo0oo----

19

20         Plaintiff Tim Moore filed this lawsuit against

21    defendants ANG Transport, Inc. ("ANG"), Tuff Machinery LLC

22    ("Tuff"), Moore Brokers Inc., doing business as Moore

23    Transportation Services ("Moore Transportation"), and Does 1-10.

24    Plaintiff asserts the following claims: breach of contract

25    against defendant Tuff, liability under 49 U.S.C. § 14706 against

26    ANG, and negligence against Moore Transportation.  Currently

27    before the court is defendant Tuff's Motion to Dismiss for lack

28    of personal jurisdiction.  (Docket No. 11.)

                                1

I.    Factual and Procedural Background

On or about October 26, 2017, plaintiff contracted with defendant Tuff to purchase a John Deere Model 650H LT Tractor for $49,597.  (Compl. ¶ 7 (Docket No. 1).)  Plaintiff paid for the tractor by wire transfer that same day.  (Id. ¶ 8.)  Plaintiff and Tuff agreed that Tuff would deliver the tractor to plaintiff in Nevada County, California.  (Id. ¶ 10.)  Tuff hired Moore Transportation to act as the shipping broker for the tractor shipment.  (Id. ¶ 11.)  Moore Transportation then hired ANG Transport Inc. to deliver the tractor.  (Id. ¶ 12.)

On or about November 8, 2017, an ANG employee was involved in a traffic accident and the tractor was destroyed.  (Id. ¶ 13.)  Plaintiff alleges that the failure to deliver the tractor to him prevented him from completing several projects and, as a result, caused him financial damages.  (Id. ¶ 14.)  Plaintiff further alleges that he incurred additional financial damages when he was forced to purchase a comparable tractor for $65,500.  (Id. ¶ 24.)

The only cause of action against Tuff is for breach of contract for failure to deliver the tractor.  (Id. ¶¶ 16-25.)  Tuff argues that this court lacks personal jurisdiction because Tuff is a Texas company that does not have "minimum contacts" with California such that this court may exercise personal jurisdiction over it in connection with plaintiff's claim.  (Mot. to Dismiss (Docket No. 11).)

II.    Legal Standard

Plaintiff has the burden of establishing that the court has personal jurisdiction over a defendant.  In re W. States

1  Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 741 (9th Cir.

2  2013), aff'd sub nom., Oneok, Inc. v. Learjet, Inc., 135 S. Ct.

3  1591 (2015).  Where the court does not hold an evidentiary

4  hearing and the motion is based on the written materials, the

5  plaintiff need only establish a prima facie showing of personal

6  jurisdiction.[1]  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d

7  797, 800 (9th Cir. 2004).  In such a case, "[u]ncontroverted

8  allegations in the complaint must be taken as true" and

9  "[c]onflicts between parties over statements contained in

10 affidavits must be resolved in the plaintiff's favor."  Id.

11        If there is no applicable federal statute governing

12 personal jurisdiction, the court applies the law of the state in

13 which it sits.  Love v. Associated Newspapers, Ltd., 611 F.3d

14 601, 608-09 (9th Cir. 2010).  "California's long-arm jurisdiction

15 statute is coextensive with federal due process requirements."

16 Id.

17        Due process requires that for a nonresident defendant

18 to be subject to the court's jurisdiction, the defendant must

19 "have certain minimum contacts with [the forum state] such that

20 the maintenance of the suit does not offend traditional notions

21 of fair play and substantial justice."  Int'l Shoe Co. v.

22

23 [1]    Where the pleadings and other submitted written materials
   "raise issues of credibility or disputed questions of fact with
24 regard to jurisdiction, the district court has the discretion to
   take evidence at a preliminary hearing in order to resolve the
25 contested issues."  Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,
   557 F.2d 1280, 1285 (9th Cir. 1977).  If there is an evidentiary
26 hearing on the issue of personal jurisdiction "plaintiff must
   establish the jurisdictional facts by a preponderance of the
27 evidence, just as he would have to do at trial."  Id.

28

Washington, 326 U.S. 310, 316 (1945) (citation omitted).  The
strength of contacts required depends on which of the two
categories of personal jurisdiction a litigant invokes: specific
jurisdiction or general jurisdiction.  Ranza v. Nike, Inc., 793
F.3d 1059, 1068 (9th Cir. 2015) (citing Daimler AG v. Bauman, 134
S. Ct. 746, 754 (2014)).  "[A] finding of general jurisdiction
permits a defendant to be haled into court in the forum state to
answer for any of its activities anywhere in the world,"
Schwarzenegger, 374 F.3d at 801, whereas specific jurisdiction
requires a relationship that "arise[s] out of contacts that the
defendant himself creates with the forum state,"  Walden v.
Fiore, 571 U.S. 277, 284 (2014) (quotation omitted; emphasis in
original).  The court must thus "look[] to the defendant's
contacts with the forum State itself, not the defendant's
contacts with persons who reside there."  Walden, 571 U.S. at
285.

        The Ninth Circuit uses a three-prong test to analyze
claims of specific personal jurisdiction.  This analysis requires
first that the non-resident defendant "purposefully direct his
activities or consummate some transaction with the forum or
resident thereof; or perform some act by which he purposefully
avails himself of the privilege of conducting activities in the
forum, thereby invoking the benefits and protections of its
laws."  Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake,
817 F.2d 1416, 1421 (9th Cir. 1987)).  In breach of contract
cases such as that at hand, courts typical examine whether there
was "purposeful availment" of the forum, whereas in tort cases,
the analysis centers on whether there was "purposeful direction."

4

1   See id. ("We often use the phrase 'purposeful availment,' in

2   shorthand fashion, to include both purposeful availment and

3   purposeful direction, but availment and direction are, in fact,

4   two distinct concepts.  A purposeful availment analysis is most

5   often used in suits sounding in contract.  A purposeful direction

6   analysis, on the other hand, is most often used in suits sounding

7   in tort.") (internal citations omitted).

8        The second factor of the Ninth Circuit's three-part

9   test for evaluating specific personal jurisdiction requires that

10  the claim "be one which arises out of or relates to the

11  defendant's forum-related activities."  Id.  The plaintiff has

12  the burden of establishing both of these first two prongs. Id.

13  (quoting Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990)).

14  If the plaintiff satisfies the first two prongs, the burden

15  shifts to the defendant to present a compelling case that the

16  third prong, which requires that the exercise of jurisdiction

17  comports with fair play and substantial justice, is not met.  Id.

18  (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-78

19  (1985)) (internal quotation marks omitted).

20  III.    Analysis

21       Defendant Tuff is a Texas corporation and none of the

22  allegations in the complaint tend to show that its contacts with

23  California are so "substantial and continuous" as to give rise to

24  general jurisdiction.  See Pacific Atlantic Trading Co., 758 F.2d

25  at 1327.[2]  The court's analysis will therefore focus on the

26  ²    Though plaintiff's Opposition to the Motion to Dismiss does
    not specify whether it is alleging the court has specific or
27  general jurisdiction over defendant Tuff, his analysis is couched
    in terms of "purposeful availment," which suggests he is arguing
28  that there is specific jurisdiction. (Pl.'s Opp'n at 8 (Docket

5

question of whether the court has specific personal jurisdiction over defendant Tuff.  Plaintiff advances two arguments[3] in support of its contention that the court does, in fact, have such jurisdiction: (1) Tuff sold and shipped a tractor to plaintiff in California; and (2) Tuff maintains an interactive website accessible to consumers in California.  The court will address each argument in turn.

Plaintiff argues that defendant Tuff "agreed to ship a John Deere 650H LT Tractor to the [p]laintiff's address in California" and that this "intentional act" establishes this court's personal jurisdiction over Tuff.  (Pl.'s Opp'n at 5.) This argument ignores the fact that the mere formation of a contract with a party in a forum state does not give rise to specific jurisdiction over a defendant in that forum.  Boschetto v. Hansing, 539 F.3d 1011, 1017 (9th Cir. 2008) (holding that "the lone transaction for the sale of one item does not establish that the [defendant] purposefully availed [itself] of the privilege of doing business in California.").  The contract between plaintiff and Tuff "did not create any ongoing obligations"; it was "a one-shot affair."  Id. at 1017.  In this way, it is distinguished from the contract at issue in Young Again Products, Inc. v. Acord, 307 F.Supp.2d 713, 714 (D. Md. 2004).  In Young Again, the defendant's contract with the Maryland plaintiff was executed over the course of several years

---

No. 15).)

[3]    At oral argument, the plaintiff moved to strike paragraphs 11 and 12 from the Declaration of Amanda Bustos (Docket No. 16) and the court granted that motion.

6

and created ongoing obligations between the defendant and the plaintiff.  In contrast, in the instant case, there were no continuing relationships or obligations.  The sale of the tractor to the plaintiff in California was a one-time occurrence and, therefore, does not alone give rise to specific personal jurisdiction over defendant Tuff in California.

Plaintiff next argues that defendant Tuff is subject to this court's specific jurisdiction because it created a website that advertises the fact that it is willing to enter into contracts with people from all 50 states.

When deciding personal jurisdiction issues that stem from internet sales, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet."  Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419 (9th Cir. 1997) (quoting Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).

In this case, the nature of the commercial activity on defendant's website was limited to advertising pieces of heavy construction equipment for sale and offering website visitors the opportunity to interact with defendant through a "product enquiry" feature.  Plaintiff argues that this feature renders defendant's website relatively interactive since "[a] prospective customer could [] obtain more information about the equipment in question, and conceivably, could agree to purchase the equipment through this online feature."  (Pl.'s Opp. to Mot. to Dismiss at 7.)  Plaintiff also notes that defendant's website has an "Email Us" feature which allows visitors to email defendant Tuff.

Relying heavily on Rainy Day Books, Inc. v. Rainy Day Books & Cafe, L.L.C., 186 F.Supp.2d 1158 (D. Kan. 2002), plaintiff argues that these two features on defendant Tuff's website make it so heavily interactive that this court's exercise of personal jurisdiction over defendant Tuff is justified.

Plaintiff's argument that, like the defendant in Rainy Day Books, defendant Tuff has "purposefully and deliberately set up and operated a web site with a high level of interactivity, which encourages customers accessing the web site to order [merchandise]," id. at 1164, is misguided for two reasons. First, it ignores key factual differences between the website at issue in Rainy Day Books and that of defendant Tuff. Second, it does not account for the substantial case law finding that websites with levels of interactivity similar to that of defendant Tuff's site are insufficiently interactive to justify the exercise of personal jurisdiction over their operators.

In Rainy Day Books, the defendant's website linked to a "virtual store" through which visitors could provide their credit card and shipping information and purchase products online. Id. Though the virtual store was facilitated by a third-party provider of online ordering services, the defendant controlled the pricing of products in the virtual store and received payments for sales made through the store. Id. Moreover, customers who ordered through the store received confirmation emails thanking them for shopping with the defendant, and orders made via the virtual store were shipped with a return label that listed the defendant bookstore's address. Id.

In comparison to the website at issue in Rainy Day

Books, defendant Tuff's site is relatively passive.  Customers
are not able to purchase the tractors directly from defendant's
website, and defendant's website does not link to a "virtual
store" for tractors.  Rather, the defendant's website passively
advertises its products and customers are required to initiate
contact to transact a sale by other means.  Moreover, there is no
evidence that the defendant specifically "encourage[s] people in
[California] to access its site."  See Cybersell, 130 F.3d at
419.  Nor is there evidence that "money changed hands on the
internet from (or through) [California]."  Id.  This level of
interactivity is far less than that at issue in Rainy Day Books
and is insufficient to establish purposeful availment.  See
Kurgan v. Neibauer, No. 14-CV-1190-LAB-JMA, 2014 WL 3908633 at *6
(S.D. Cal. Aug. 11, 2014) (finding that a site that "allows for
the buyer to email a seller" is not "expressly aimed at the forum
state.").  See also Cottle v. W. Skyways Inc., No. 1:17-CV-00049-
DAD-BAM, 2017 WL 1383277, at *6 (E.D. Cal. Apr. 18, 2017)(holding
that a website that nationally advertised defendant's products
and services, featured testimonials from California residents,
and allowed the online submission of inquiries was not
sufficiently interactive to subject the defendant to personal
jurisdiction in California).  For these reasons, Tuff's website
does not constitute a purposeful availment of the Californian
market.

        Because the defendant did not purposefully avail itself
of the Californian market, the plaintiff fails on the first prong
of the three-part test.  When the plaintiff fails to make their
prima facie case on the first prong of this test, the court need

not address the remaining two prongs, because purposeful availment is a necessary condition for this to court exercise personal jurisdiction over the defendant.  See Boschetto, 539 F.3d at 1016.

        IT IS THEREFORE ORDERED that defendant Tuff Machinery LLC's Motion to Dismiss (Docket No. 11) be, and hereby is, GRANTED.

Dated:  July 3, 2019

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE