UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TIM MOORE,<br><br>        Plaintiff,<br><br>   v.<br><br>ANG TRANSPORT INC., MOORE FREIGHT BROKERS INC., TUFF MACHINERY LLC,<br><br>        Defendants. | No. 2:18-cv-02919 WBS KJN<br><br>MEMORANDUM & ORDER RE: MOTION FOR GOOD FAITH SETTLEMENT |

----oo0oo----

Plaintiff Tim Moore filed this lawsuit against defendants ANG Transport, Inc. ("ANG Transport"), Tuff Machinery LLC ("Tuff Machinery"), and Moore Brokers Inc., doing business as Moore Transportation Services ("Moore Transportation"), alleging violations of state and federal laws to recover costs of a tractor destroyed while in transport. Before the court now is ANG Transport's motion for a determination of good faith settlement. (Docket No. 49.)

I. <u>Background</u>

1

Plaintiff purchased a John Deere Model 650H LT Tractor from defendant Tuff Machinery in October 2017. (Compl. ¶ 7 (Docket No. 1).) The parties agreed that Tuff Machinery would deliver the tractor to the plaintiff. (Id. ¶ 10.) Pursuant to that agreement, Tuff Machinery hired Moore Transport to act as the shipping broker for the tractor shipment. (Id. ¶ 11.) Moore Transport then hired ANG Transport to deliver the tractor. (Id. ¶ 12.) While transporting the tractor from Texas to California in November 2017, ANG Transport's truck transporting the tractor was involved in an accident and the tractor was destroyed. (Id. ¶ 13.) The total estimated cost of replacement parts for the tractor was approximately $63,506.79. (Decl. of Stephen W. Robertson ("Robertson Decl.") ¶ 3 (Docket No. 51).)

After ANG Transport ignored plaintiff's demand for payment, plaintiff filed this action against it alleging violation of the Carmack Amendment to Interstate Commerce Act, 49 U.S.C. § 14706.[1] (Compl. ¶¶ 26-35.) Following the filing, Travelers Property Casualty Company of America ("Travelers") asserted a claim in subrogation against ANG Transport relating to the damage of a roller machine that occurred in the same accident.[2] (Robertson Decl. ¶ 4.) Travelers' claims exceeded $100,000. (Id.) Plaintiff, ANG Transport, and Travelers

---

[1] Plaintiff also brought a breach of contract claim against Tuff Machinery and a negligence claim against Moore Transportation. (Compl. ¶¶ 16-25, 36-46.) In July 2019, this court granted Moore Freight's motion for good faith settlement (Docket No. 40) and granted Tuff Machinery's motion to dismiss (Docket No. 41).

[2] Travelers did not file an independent complaint. (Robertson Decl. ¶ 4.)

proceeded through this court's Voluntary Dispute Resolution Process and reached a settlement. (Id. ¶¶ 4, 7-8, Exs. B-C.) ANG Transport now seeks this court's determination that the settlement was made in good faith. (Docket No. 49.) The motion is unopposed. (Pl.'s Statement of Non-Opp'n (Docket No. 54).)

## II. Discussion

### A. Applicable Law

In California, state substantive law on settlements is codified at California Code of Civil Procedure Section 877. Section 877.6, the procedural mechanism for implementing § 877, is intended to promote the equitable sharing of costs among the parties at fault and encourage settlement. Tech-Bilt, Inc. v. Woodward-Clyde & Ass'n, 38 Cal. 3d 488, 494 (1985). While the procedures set forth in § 877.6 "do not govern a federal action" like the one here, "the substantive provisions of California law" are applicable. Fed. Sav. & Loan Ins. Corp. v. Butler, 904 F.2d 505, 511 (9th Cir. 1990).

Courts are permitted to approve a settlement under § 877.6 if it was made in good faith. Cal. Civ. P. § 877.6. To assess whether a settlement was made in good faith, courts must determine whether the settlement is within the "reasonable range" of the settling tortfeasor's share of liability for the plaintiffs' injuries. Tech-Bilt, 38 Cal. 3d at 499. Courts consider the following, among other practical factors: (1) a rough approximation of the plaintiffs' total recovery and the settlor's proportionate liability; (2) the amount to be paid in settlement; (3) the allocation of settlement proceeds among the plaintiffs; (4) a recognition that a settlor should pay less in

3

settlement than he would if he were found liable after a trial; (5) the financial conditions and insurance policy limits of the settling defendants; and (6) the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants. Id. Ultimately, the determination is left to the trial court's discretion. Id. at 502.

B. Application to Plaintiff's Claims

The first, second, and third Tech-Bilt factors consider whether the agreed upon settlement accurately reflects the settling parties' proportionate liability and whether the allocation of the settlement proceeds is equitable under the circumstances. Id. at 499. Settlements need only be "in the ballpark" of the settling party's proportionate share of liability, rather than calculated with exacting mathematical certainty. Id. at 501 n.9. Under the settlement agreement here, ANG Transport will pay a total of $100,000 between plaintiff and Travelers. (Robertson Decl. ¶¶ 6-8, Exs. A-C.) This sum represents the policy limits of ANG Transport's insurance policy. (Robertson Decl. ¶ 6, Ex. A.) Plaintiff will recover $45,000, roughly 70 percent of the total estimated cost to repair the damage to the tractor. (Robertson Decl. ¶ 7, Ex. B.) Travelers will receive $55,000 in subrogation, slightly over half of its claim. (Robertson Decl. ¶¶ 4, 8, Ex. C.) Accordingly, this falls within the reasonable range articulated in Tech-Bilt.

The fourth factor stresses that the settling parties should pay less in settlement than they would at trial. Tech-Bilt, 38 Cal. 3d at 499. If plaintiff and Travelers were to recover the total amount claimed, ANG Transport would be liable

4

for far more than $100,000. (See Robertson Decl. ¶¶ 3-4.) ANG Transport submits that it is waiving its right to trial and suggests that settlement would conserve the court's and the parties' resources. These considerations weigh in favor of settlement. See City of West Sacramento v. R & L Bus. Mgmt., No. 2:18-cv-900 WBS EFB, 2019 WL 2249629, at *3 (E.D. Cal. May 24, 2019) (citing Coppola v. Smith, No. 1:11-CV-1257 AWI BAM, 2017 WL 4574091, at *4 (E.D. Cal. Oct. 13, 2017)). Accordingly, this factor favors a finding of good faith.

The fifth factor accounts for ANG Transport's financial conditions and insurance policy limits. Tech-Bilt, 38 Cal. 3d at 499. As discussed, the $100,000 settlement will exhaust ANG Transport's insurance policy limit. (Robertson Decl. ¶ 6, Ex. A.) Accordingly, this favor favors approval of the settlements because ANG could not offer any greater settlement through its insurance.

Finally, the sixth factor considers the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants. Tech-Bilt, 38 Cal. 3d at 499. ANG Transport's counsel certified that the negotiations for both settlements were conducted at arm's length through the Voluntary Dispute Resolution Process and the settlement was reached fairly and properly. (Robertson Decl. ¶ 9.) There is no evidence to suggest otherwise, and the settling parties agree their settlements are reasonable compromises. (Id.) Additionally, the other defendants in this matter have already settled their claims with plaintiff or had claims against them dismissed, and thus, their interests will be unimpaired by the

present settlement.  (See Docket Nos. 40-41.)  Accordingly, this factor, too, favors the court's finding of good faith.

Overall, the Tech-Bilt factors favor a finding of good faith.  Accordingly, THE COURT HEREBY FINDS that:

1. The settlement between plaintiff and ANG Transport was in good faith under Cal. Civ. P. § 877.6 and Tech Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal. 3d 488 (1985);
2. The settlement between subrogated plaintiff Travelers and ANG Transport was also in good faith under Cal. Civ. P. § 877.6 and Tech Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal. 3d 488 (1985); and
3. Any and all claims or future claims for contribution or indemnity, arising out of the facts alleged in the complaint, and as further identified and provided for in the settlement, regardless of when such claims were asserted or by whom, are barred.

IT IS THEREFORE ORDERED that ANG Transport's motion for determination of good faith settlement (Docket No. 49) be, and the same hereby is, GRANTED;

AND IT IS FURTHER ORDERED that plaintiff's complaint (Docket No. 1) be, and the same hereby is, dismissed with prejudice as to ANG Transport, Inc.; and the Clerk of Court is directed to close this case.

Dated: January 23, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE